217 P.2d 861

**AYERS v. AYERS.**

No. 7597.

Supreme Court of Idaho.

April 6, 1950.

Rehearing Denied May 17, 1950.

Lawrence B. Quinn, Twin Falls, for appellant.

W. L. Dunn, Twin Falls, for respondent.

HOLDEN, Chief Justice.

E. S. Ayers and Emma Ayers were married December 19, 1934. At the time of their marriage appellant owned certain tracts of land in Gooding county, July 20, 1936, in consideration of one dollar and love and affection, appellant conveyed by warranty deed a tract of six acres to respondent "as her sole and separate property". August 5, 1947, appellant commenced this suit to obtain a decree of divorce and a cancelation of the warranty deed. The complaint was demurred to and an amended complaint filed. The amended complaint was also demurred to and a second amended complaint filed. By his second amended complaint appellant sought a decree of divorce on the ground of cruel and inhuman treatment, as well as a decree quieting title to the six-acre tract conveyed by said deed to respondent. By her answer respondent denied the material allegations of the second amended complaint, and by a further answer pleaded the bar of the statute of limitations in so far as the real property was concerned, and by cross-complaint sought to quiet her title to the tract in question. The cause was tried on the issues formed by the pleadings on December 13, 1948.

April 7, 1949, findings of fact and conclusions of law were made and filed denying appellant a divorce, but awarded the property in question to respondent, and on the same day judgment was rendered and entered thereon. The appeal to this court is from the judgment awarding the property to respondent. The findings in so far as the denial of a divorce is concerned, are not challenged.

The decisive question on this appeal is: Was the warranty deed by which appellant conveyed the six-acre tract in question to respondent, delivered to her "for the purpose of safekeeping and for no other purpose, with a distinct and explicit understanding that said deed was to be kept by her and should plaintiff [appellant] desire

she would return the same to him at any time [and], that the said deed was not to be recorded without his permission and consent until after the death of this plaintiff [appellant] and was to be at all times subject to his disposition", as alleged and contended by appellant, or was such warranty deed executed by appellant and delivered to respondent for the purpose of unconditionally conveying the tract to her "together with the rents, issues and profits thereof as her [respondent's] sole and separate property", as stated in the deed and contended by respondent?

On the trial appellant testified, in substance, he executed the warranty deed and then delivered it to respondent, saying, "Now, you [respondent] put that [warranty deed] away and keep it until I pass away. Then you will have something to show that my intention was that you should have the place. * * * Then take it and have it recorded and the place will be yours."

On the other hand, respondent testified in substance and effect, the deed was delivered to her without any conditions. That appellant did not tell her not to have the deed recorded, so that she could give it back to him if he called for it. The fact, appellant and respondent flatly contradicted each other on the question as to whether the deed was, or was not, delivered without any conditions or restrictions. On that pivotal question there is a substantial conflict in the evidence; hence, the findings and judgment awarding the six-acre tract to respondent will not be disturbed. Jones v. Adams, 67 Idaho 402, 409, 182 P.2d 963, and cases there cited.

As above pointed out, this is a suit to quiet title to real property. Having determined the controversy concerning such property, it is unnecessary to discuss other contentions.

Judgment affirmed with costs to respondent.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.